FRANCES KULHANEK, APPELLEE, v. JAMES KULHANEK, JR., APPELLANT.

278 N. W. 563

FILED MARCH 25, 1938. No. 30162.

James E. Bednar and Leigh & Krajicek, for appellant.

Rudolph Tesar, contra.

Heard before GOSS, C. J., ROSE, DAY, PAINE, CARTER and MESSMORE, JJ., and FALLOON, District Judge.

FALLOON, District Judge.

Frances Kulhanek brought this action, consisting of two causes, for damages against her stepson, James Kulhanek, Jr. The defendant was not present but was represented by counsel at the trial. The jury on January 20, 1937, awarded the plaintiff $1,000 for assault and battery and $2,000 for alienation of her husband's affections. Motion for new trial was filed January 22, 1937, and overruled February 6, 1937. Subsequently to this overruling of the motion, guardianship proceedings were instituted in the county court, guardian appointed, and the said guardian filed a second motion for new trial on April 14, 1937, which was after the term the verdict was rendered, which second motion was likewise overruled by the trial court.

The plaintiff in this case, a woman 86 years of age, and her divorced husband, Vaclav Kulhanek were married in Czechoslovakia some 46 years ago. There was no issue resulting from this marriage, though by a previous marriage, the plaintiff had five girls and the divorced husband had two sons, both of whom made their home with this couple. One son died and the other, being the appellant, never married and at all times lived with the plaintiff and his father until the divorce proceedings. The appellant is about 46 years of age and his father about 75 years old. The record indicates that the plaintiff and her children,

who appeared as witnesses, have never acquired a very good command of the English language.

The case was set for trial for January 11, 1937, continued till the next day, then continued until the 13th, at which time the court on its own motion continued the case to January 18. Motion for further continuance was filed by attorneys for defendant, and the court, after taking oral testimony and receiving affidavits, overruled request for continuance and proceeded to trial, which trial lasted two days, and on the third the jury returned its verdict.

The testimony of one of the defense attorneys was to the effect that smoke was coming out of defendant's house on either the 14th or 15th, that he knocked and was convinced that either the father or defendant, or both, were in the house, though he could not get them to answer. It was further stated that the defendant knew two weeks before January 1 that the case would be reached for trial soon. A neighbor, Ernest Stern, testified that he saw a light in the Kulhanek home on January 17. The deputy sheriff who served the subpœnas for the defendant and his father on January 11 stated he was there three times, the first time he left subpœnas stuck in the door, the second time subpœnas were still there, and the third time they were moved, and, also, that the next day in the evening he saw a light in the house, and when he rapped the light went out. The defense attorneys in their motion for continuance stated that they were unable to find their client, though they had diligently tried to do so, though no suggestions were made as to this evidence, and, of course, under the trial court's ruling, the trial began and was concluded without the presence of the defendant.

The first proposition to be determined is whether the trial court abused its discretion in overruling the motion for continuance. There is nothing in the record but what discloses that the defendant absented himself voluntarily or through his own negligence. Courts cannot permit parties to thus disregard the prompt administration of trials. To hold otherwise would let any litigant determine for himself

when he wishes to have his case tried. The defendant knew his case was to be tried at this term of court, every effort was made to reach him, the record discloses that some one was at his home when these efforts were made, and he cannot complain of his own neglect. Parties have a right to be present when their cases are tried, but this right may be waived, and it should be so held when the absence is voluntary and due to his own negligence. The record discloses that the court below exercised its sound discretion in overruling motion for continuance, and its ruling should not be disturbed. Any other ruling would allow trial of cases to depend on the convenience of litigants. The defendant was ably represented by counsel, testimony was taken in his behalf, and the record does not disclose other than a fair trial was accorded the defendant.

The verdict in this case was returned on January 20, 1937, and two days later motion for new trial was filed and later overruled. Subsequently, by different counsel, a second motion for new trial was filed on April 14, 1937, in which the mental condition of defendant was raised for the first time. There is no showing that the defendant was not in control of his faculties either before or at the time of the trial and this second motion under the record is clearly out of time. It is nearly three months late and at a different term. See *Heeter v. Nisi, ante,* p. 209, 278 N. W. 271. A motion for a new trial must be filed within three days after the decision is rendered and at the term except for newly discovered evidence and, if not, should be disregarded.

The defendant contends that the evidence will not sustain the findings of the jury as to either cause of action. The testimony offered has therefore been carefully checked. The plaintiff testified that she was 86 years old, that the defendant beat her so her mouth was bashed and bled, that she was in bed as result of her injuries for about two weeks or more. The daughters corroborated her testimony, and also did her granddaughters. A neighbor corroborated the influence of the defendant in seeking to get rid of the

plaintiff, and this gradual lessening of the affections of her husband was also shown by the testimony of one of the granddaughters. Two neighbors who testified for the defense never noticed anything wrong nor did they notice any bruises or difference in the condition of the plaintiff's health.

While the testimony, because some of the witnesses did not speak well the English language, is rather hard to follow, still there was enough testimony to go to the jury and they could, if they believed the testimony offered by the plaintiff, find for her. The testimony shows that the plaintiff was beaten by the defendant, as a result of which she spent a short time in bed with some pain. Throughout the record it appears that this stepson whom plaintiff reared from babyhood was making every effort to get his father to abandon the plaintiff, and while the testimony is somewhat unsatisfactory it is sufficient to sustain a finding by the jury for the plaintiff.

The most serious question that this court has to pass upon, however, is the amount of the award. Reviewing courts are very reluctant to reduce a recovery when the jury who have seen the witnesses and heard the evidence give their decision. But when the appellate court believes the verdict excessive; then it should take such steps that substantial justice is done both litigants.

The plaintiff, a woman 86 years of age, had an expectancy of less than four years. No physician attended her at the time of the assault, and the only physician called, according to stipulation entered in the record, attended her a year previously for some other ailment. The testimony indicates that the injuries were not permanent or extremely serious.

Justice will be more fully served by reducing the judgment from $3,000 to $1,800. The order will therefore be that, if within 20 days from the filing of this opinion, the plaintiff file in this court a remittitur of $1,200, the judgment so reduced will be affirmed; otherwise, the case will stand reversed and a new trial directed.

AFFIRMED ON CONDITION.