IN RE INTEREST OF JESSICA J. AND JENNIFER C.,
CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, v. LESLIE C., APPELLANT.
615 N.W. 2d 119

Filed July 25, 2000. No. A-99-1051.

Steven M. Renteria, of Wintroub, Rinden, Sens & McCreary, for appellant.

James S. Jansen, Douglas County Attorney, and Karen Kassebaum Nelson for appellee.

HANNON, INBODY, and CARLSON, Judges.

HANNON, Judge.

## INTRODUCTION

The parental rights of Leslie C., the father of Jessica J. and Jennifer C., were terminated pursuant to Neb. Rev. Stat. § 43-292(6) (Reissue 1998), as reasonable efforts to preserve and reunify the family had failed to correct conditions leading to

the determination. After Leslie was initially personally served with notice of termination, he took no cognizance of these proceedings. His attorney argued to the juvenile court and also to this court that the lower court could not proceed with the termination hearing because Leslie had no notice of the hearing. After a de novo review of the record, we conclude that Leslie was served with a summons on this termination action, but did not take cognizance of the action by contacting his attorney, contacting the court, or leaving an address where he could be found. Any lack of notice was clearly Leslie's fault. We therefore affirm.

## BACKGROUND

On August 25, 1997, a petition was filed alleging that Jessica and Jennifer were within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1998) and were lacking proper parental care by reason of the habits or faults of their mother. The children's mother is not involved in this appeal.

On September 9, 1997, an amended petition was filed alleging that the children lacked proper parental care by reason of the habits or faults of Leslie.

On September 15, 1997, the record shows the parents appeared in juvenile court and were advised of their rights and the nature of the proceedings pursuant to Neb. Rev. Stat. § 43-279.01 (Reissue 1998). Apparently sometime thereafter, an attorney was appointed for Leslie.

On November 20, 1997, Leslie appeared in court with his attorney for an adjudication hearing. The court ordered that Jessica and Jennifer were children within the meaning of § 43-247(3)(a).

On January 6, 1998, a disposition hearing was held ordering that custody of the children be placed with the Department of Health and Human Services (DHHS) and that Leslie undergo a chemical dependency evaluation within 45 days of the hearing. The record shows that Leslie did not appear at the disposition hearing, but his attorney's presence was noted on the record. Five various review hearings were held thereafter, on a monthly basis. Leslie did not attend any of the review hearings, but his attorney attended all of them.

On September 30, 1998, a review/permanency planning hearing was held where the court ordered the children to remain in the temporary custody of DHHS and further ordered that Leslie not reside in the same home as the children, complete a parenting assessment and domestic violence program, and enroll in an inpatient chemical dependency treatment program. Leslie's appearance at this hearing was shown on the record, but not his counsel's.

On March 25, 1999, a "Motion for Termination of Parental Rights and Notice of Hearing" was filed requesting the termination of Leslie's parental rights to Jessica and Jennifer pursuant to § 43-292(6). The court entered an order setting the hearing. The notice of hearing stated that the hearing would be held on June 29, 1999, at 8:30 a.m. and on June 30 at 1:30 p.m. A summons showing that the hearing on termination had been set for June 29 and 30 was issued on March 26 and returned, showing that service of the summons and a copy of the motion was personally served on Leslie on April 14. The validity of this service is not questioned.

The record does not show that thereafter Leslie contacted his attorney or the court, or that he took any cognizance of these proceedings.

On April 23, 1999, Leslie's attorney moved for a continuance of the termination hearing, stating that he had a conflicting matter commencing on June 29 in another state. The motion was granted, and the matter was continued until August 12 and 13.

On April 28, 1999, a summons was issued informing Leslie of the termination hearing for August and was returned unserved on May 20.

On August 12, 1999, a termination hearing was held without Leslie present. His attorney appeared and objected to the hearing, arguing that Leslie did not have notice of the hearing and that the "only document . . . the State [used] for service" was that his attorney asked "for a continuance." Leslie's attorney also asserted that there was nothing in the record that showed that Leslie was present at the time or any time previous to the August 12 date which would have been known to Leslie. Leslie's attorney stated that he attempted to contact Leslie by sending a letter to Leslie dated April 30, 1999, but that it was

returned "without service." Leslie's attorney also stated to the court that since that time, he had continued to try to locate Leslie, but was unsuccessful, and that Leslie had had no notice of the hearing.

The court denied Leslie's attorney's objection, and the hearing continued on the motion for termination. Thereafter, the State proceeded with its evidence. In an order filed August 13, 1999, the juvenile court found that notice and service of jurisdiction was proper, that clear and convincing evidence existed in support of the termination of Leslie's parental rights, and that the termination was in the children's best interests. Accordingly, the court terminated the parental rights of Leslie to both children. The sufficiency of the evidence is not appealed, and therefore, we will not summarize the State's evidence. We have read the record and conclude that there is clear and convincing evidence to support the termination of Leslie's parental rights pursuant to § 43-292(6) and that termination of Leslie's parental rights was in the best interests of the children.

Leslie's atttorney filed a notice of appeal on Leslie's behalf. The attorney signed the notice of appeal and cash bond. The clerk's certificate shows the filing fee was paid in cash.

## ASSIGNMENT OF ERROR
The only error assigned is that the juvenile court erred when it proceeded to terminate Leslie's parental rights despite the fact that he was not notified of the hearing.

## STANDARD OF REVIEW
The only question before the court in this case is whether the juvenile court violated Leslie's due process rights by proceeding with the termination of his parental rights.

■ The determination of whether the procedures afforded an individual comport with the constitutional requirements for procedural due process presents a question of law. *Billups v. Nebraska Dept. of Corr. Servs. Appeals Bd.*, 238 Neb. 39, 469 N.W.2d 120 (1991); *In re Interest of Joseph L.*, 8 Neb. App. 539, 598 N.W.2d 464 (1999).

■ In reviewing questions of law, an appellate court in proceedings under the Nebraska Juvenile Code reaches a conclu-

sion independent of the lower court's ruling. *In re Interest of Tabatha R.*, 252 Neb. 687, 564 N.W.2d 598 (1997).

## ANALYSIS

Leslie's attorney did not file a special appearance on behalf of Leslie, but merely objected to the hearing. In *In re Interest of Rondell B.*, 249 Neb. 928, 546 N.W.2d 801 (1996), where a parent in a pending juvenile proceeding was not served with a summons on an application for child support, the Nebraska Supreme Court stated that the proper procedure was for the attorney representing the absent mother to file a special appearance. But the court concluded that it could not assume that the continuances of the hearing were requested by the nonappearing mother, and the court considered the issue of the trial court's jurisdiction, absent service. In that case, no summons was served on the separate support issue, and the court therefore concluded that the trial court had not acquired jurisdiction. We consider the jurisdictional question raised by Leslie's attorney in this case in the same light.

Leslie's attorney argues that the juvenile court erred because Leslie did not have "actual notice" of the hearing to terminate his parental rights and that he was never served with a summons giving him such notice. Brief for appellant at 7. In support of his argument, Leslie's attorney cites Neb. Rev. Stat. § 43-291 (Reissue 1998) which provides:

> After a petition, a supplemental petition, or motion has been filed, the court shall cause to be endorsed on the summons and notice that the proceeding is one to terminate parental rights, shall set the time and place for the hearing, and shall cause summons and notice, with a copy of the petition, supplemental petition, or motion attached, to be given in the same manner as required in other cases before the juvenile court.

Leslie's attorney argues that the juvenile court failed to comply with the above statute. He concedes that the motion for termination of parental rights and the notice of hearing were "ostensibly" served upon Leslie personally, " 'c/o The Open Door Mission,' " regarding the June hearing date, but asserts that he was never served with notice regarding the August hearing date. Brief for appellant at 8.

As summarized above, a summons, along with a copy of the motion filed March 26, 1999, was served personally to Leslie on April 14. The validity of that service is not questioned. We conclude that § 43-291 was complied with, that Leslie was properly served and given notice of the termination hearing, and that the juvenile court had jurisdiction over the termination proceedings.

We disagree with the argument of Leslie's attorney that the motion to continue has no effect on the result of this case and that when a parent's rights are being terminated, due process requires that the parent receive service of summons relating to the continued hearing date.

Neb. Rev. Stat. § 25-534 (Reissue 1995) is dispositive of this issue and provides in pertinent part:

> Whenever in any action or proceeding, any order, motion, notice, or other document, except a summons, is required by statute or rule of the Supreme Court to be served upon or given to any party represented by an attorney whose appearance has been noted on the record, or is thus required to be served upon or given to the attorney for any party, such service or notice may be made upon or given to such attorney, unless service upon the party himself or herself is ordered by the court. Service upon such attorney or upon a party shall be made by delivering a copy to him or her or by mailing it to him or her.

In *Osborn v. Osborn*, 4 Neb. App. 802, 550 N.W.2d 58 (1996), this court held that under § 25-534, the notice of hearing served on the appellant's attorney was inadequate notice, when summons was required to be served. Whereas, in *Ventura v. State*, 246 Neb. 116, 517 N.W.2d 368 (1994), the Supreme Court held that service upon the client's attorney was adequate under § 25-534 where the notice is not a summons or the equivalent.

Leslie's attorney had notice of the August hearing date and did in fact appear. In this case, no summons was required, and therefore, the notice upon Leslie's attorney was adequate.

We also note that Leslie's failure to appear at the termination hearing may also be considered a default of his right to be present. In *In re Interest of H.P.A.*, 237 Neb. 410, 466 N.W.2d 90 (1991), a mother was not present for the termination hearing; the

lower court proceeded, then recessed at approximately 3 p.m., and continued the hearing until the next day. On the following day, the mother again did not appear, and her attorney moved for a continuance and refused to rest her case. The juvenile court denied the requested continuance, determined that the mother had rested her case, and entered an order terminating the mother's parental rights. The Supreme Court affirmed the lower court's decision and held that the mother chose not to attend and that therefore she waived her right to be present.

 The Supreme Court considered a similar situation in *Kulhanek v. Kulhanek*, 134 Neb. 349, 351-52, 278 N.W. 563, 564 (1938), where the court stated:

> The first proposition to be determined is whether the trial court abused its discretion in overruling the motion for continuance. There is nothing in the record but what discloses that the defendant absented himself voluntarily or through his own negligence. Courts cannot permit parties to thus disregard the prompt administration of trials. To hold otherwise would let any litigant determine for himself when he wishes to have his case tried. The defendant knew his case was to be tried at this term of court, every effort was made to reach him, the record discloses that some one was at his home when these efforts were made, and he cannot complain of his own neglect. Parties have a right to be present when their cases are tried, but this right may be waived, and it should be so held when the absence is voluntary and due to his own negligence.

In *In re Interest of H.P.A.*, 237 Neb. at 413, 466 N.W.2d at 92, the court stated: "The granting or denial of a continuance of a trial or hearing is within the discretion of the trial court. When a party voluntarily or negligently fails to appear for scheduled court proceedings after proper notice, such party waives the right to be present at such proceedings." While the above case does not completely coincide with the case at hand, it is applicable, because the parent in that case had knowledge of the litigation and chose to ignore it. After service of summons, Leslie has done likewise.

The record shows that subsequent to the motion for continuance, there was no communication between Leslie and his attor-

ney or the court. In *In re Interest of N.L.B.*, 234 Neb. 280, 450 N.W.2d 676 (1990), a mother appealed from an order of the juvenile court terminating her rights to her child. The Supreme Court affirmed. Justice Caporale, in his dissent, observed, "Nor is it too much to ask one whose legal bills are being paid by the taxpayers to keep in touch with her or his attorney and to remain available to do whatever is necessary in furtherance of the litigation, if furthering the litigation is the client's desire." *Id.* at 288, 450 N.W.2d at 676. We agree with this position.

In *In re Interest of A.G.G.*, 230 Neb. 707, 433 N.W.2d 185 (1988), a mother appealed from the judgment of the county court which terminated her parental rights and assigned as error that there was lack of proper notice, lack of jurisdiction, and insufficiency of the evidence. Personal service was attempted on the mother in Nebraska and two other states, but not successfully. Service was finally accomplished by publication. The facts of the case disclosed that the mother had been represented by the public defender who moved to withdraw because he was totally unaware of her whereabouts and had no means to communicate with her regarding the motion to terminate. Her next attorney appeared at the termination hearing and moved to dismiss for lack of jurisdiction due to the absence of proper notice. The court held that "due process still requires that such person be afforded reasonable notice of further proceedings. However, once having appeared, and having the benefit of counsel, that person has some obligation to keep counsel and the court informed of his or her whereabouts. This the mother failed to do." *Id.* at 713, 433 N.W.2d at 189.

We are not prepared to hold that a termination hearing must be continued or dismissed based upon the failure of a parent to appear or to take cognizance of the action after being served. We find that Leslie was served with summons instituting the termination proceeding and that his attorney was given notice of the August hearing. We therefore affirm the order of the juvenile court which terminated Leslie's parental rights.

AFFIRMED.