WALTRAUD BENEDICT, APPELLEE, v. GARY A. BENEDICT, APPELLANT.

292 N. W. 2d 565

Filed May 20, 1980. No. 42760.

Chris M. Arps of Rice, Adams, and Arps, for appellant.

E. Dean Hascall of Hascall, Jungers & Garvey, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and COLWELL, District Judge.

McCOWN, J.

The appellant husband filed a motion to modify a decree of dissolution of marriage by terminating the provisions for the payment of alimony. The District Court, after hearing, denied the motion. The husband has appealed.

On July 18, 1977, a decree of dissolution of marriage was entered by the District Court for Sarpy County, Nebraska. Under the provisions of Neb. Rev. Stat. § 42-366 (Reissue 1978), the decree incorporated a written agreement between the parties. The agreement divided the real and personal property of the parties, provided for the support and custody of two minor children, and provided for alimony as follows:

1. Respondent hereby agrees to pay to Petitioner as alimony, commencing August 1, 1977 and continuing for sixty (60) consecutive months thereafter the sum of $735.00 per month, terminable only by the death or remarriage of Petitioner.

2. Respondent further agrees to pay to the Petitioner as alimony, commencing August 1, 1982, and continuing for sixty-one (61) consecutive months, the sum of $500.00 per month, terminable only by the death or remarriage of Petitioner.

The record establishes that, at the time of the entry of the dissolution decree, the husband was receiving net military retirement pay of approximately $904 per month and a salary of $1,450 per

month as president of a land development company. At the time the husband filed the motion to terminate the alimony provisions, he was unemployed, but at the time of hearing on the motion, he was employed at a salary of $1,400 per month and was receiving net military retirement pay of $980 per month. The record also indicates that the husband had sold or disposed of most of his property and that his net worth was greatly reduced.

The wife testified that her earnings as a real estate saleswoman during 1977 were approximately $5,000 to $6,000 and that her earnings as a real estate saleswoman in 1979, up until the date of the hearing on April 9, 1979, were $1,050. The husband testified that the wife's earnings were more than $9,000 in 1977, but that he had no knowledge as to her earnings at the time of the hearing on the motion.

The District Court indicated that it had no authority under § 42-366 to modify the written agreement of the parties incorporated in the decree and that, in any event, there was insufficient evidence to warrant the modification prayed for, and denied the motion.

The husband contends on appeal that the court had authority to terminate alimony payments under the decree and that there was sufficient evidence of changed circumstances to warrant termination.

The decree was entered under the provisions of § 42-366. The court found that the written agreement of the parties was not unconscionable and incorporated it by reference into the decree.

Subsection (7) of § 42-366 provides: "Except for terms concerning the custody or support of minor children, the decree may expressly preclude or limit modification of terms set forth in the decree." The decree and the agreement in this case specifically provide that the alimony payments are "terminable *only* by the death or remarriage of petitioner." (Emphasis supplied.) Such language precludes the termination of alimony payments for reasons other

than the death or remarriage of the wife and limits the termination to the happening of one of those two events.

Where the parties by their written agreement and the court by its decree provide that a specific amount of alimony shall be paid for a specified period of time and that the payments are terminable only by the death or remarriage of the recipient, the payment of alimony shall terminate only upon the happening of the event or events set out in the agreement or decree. The general principles underlying this interpretation are supported by the case of *Watters v. Foreman,* 204 Neb. 670, 284 N.W.2d 850 (1979).

The trial court also found that, even if the termination of alimony were permissible under the language of the decree, there was insufficient evidence of changed circumstances to warrant modification. We agree.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.