VIVIAN OSBORN, APPELLANT, V. VANCE OSBORN, APPELLEE.

550 N.W.2d 58

Filed June 25, 1996.   No. A-95-712.

Nancy S. Freburg for appellant.

No appearance for appellee.

MILLER–LERMAN, Chief Judge, and INBODY, Judge, and NORTON, District Judge, Retired.

NORTON, District Judge, Retired.

Vivian Osborn appeals from a judgment reducing Vance Osborn's alimony obligation from $600 per month to $100 per month. Vivian contends that the trial court erred in failing to inquire or make a determination as to whether sufficient legal pleadings had been filed and in failing to determine whether Vivian had been properly served. For the reasons set forth below, we reverse, and remand.

## FACTUAL BACKGROUND

On September 18, 1981, the Dawson County District Court entered a decree of dissolution, dissolving the marriage of Vivian and Vance. Under the terms of the decree, Vance was to pay Vivian alimony in the sum of $600 per month commencing August 1, 1981, and continuing to and until the lump–sum amount of $144,000 had been paid or until Vivian had either died or remarried. On July 3, 1989, Vance filed a petition for modification of alimony, and on October 18, Vivian filed an answer and a cross–motion to modify. On December 19, 1990, the matter was dismissed without prejudice for lack of prosecution.

Vance subsequently filed a "Motion to Modify Decree" on May 8, 1995, again requesting that the court reduce his alimony obligation. This document did not contain a summons or a certificate of service. Also on May 8, Vance filed a "Notice of Hearing," setting the hearing date for June 2, 1995. The "Notice of Hearing" contained a certificate of service indicating that service had been made by U.S. mail upon Vivian's attorney of record, Nancy S. Freburg. We note that Freburg was Vivian's attorney in the first attempted modification and that she remains as such in the current attempted modification. The record does

not reflect whether Freburg was Vivian's attorney in the original dissolution.

On June 15, 1995, the Dawson County District Court entered the following order:

> This matter comes before the Court on June 2, 1995, on the Motion to Modify filed by the Respondent. The Petitioner does not appear nor is represented by counsel. The Respondent is present and represented by Scott H. Trusdale. Evidence is adduced, and the matter is taken under advisement.
>
> This matter comes before the Court on June 6, 1995, after having been taken under advisement. The Court finds that alimony in this matter should be reduced to the amount of $100.00 per month commencing June 1, 1995.

## ASSIGNMENTS OF ERROR

Vivian assigns the following as error: (1) The trial court failed to inquire or make a determination as to whether or not sufficient legal pleadings had been filed, and (2) the trial court failed to make a determination as to whether Vivian had been properly served.

## STANDARD OF REVIEW

■ An appellate court has an obligation to reach conclusions on questions of law independent of the trial court's ruling. *Shilling v. Moore*, 249 Neb. 704, 545 N.W.2d 442 (1996).

## ANALYSIS

Vivian's arguments can essentially be summarized as complaints against Vance's drafting and service of process methods. Vivian contends that the trial court erred in entering judgment when Vance had failed to file a petition to modify alimony, had failed to serve her with a summons, and had failed to serve her with a notice of hearing.

While there is no individual statute concerning the procedure for filing for modification of alimony, we note that Neb. Rev. Stat. § 42-365 (Reissue 1993) states in part that

> [u]nless amounts have accrued prior to the date of service of process on a petition to modify, orders for alimony may be modified or revoked for good cause shown, but when

alimony is not allowed in the original decree dissolving a marriage, such decree may not be modified to award alimony.

Furthermore, under Neb. Rev. Stat. § 42-352 (Reissue 1993), "[a] proceeding under sections 42-347 to 42-379 shall be commenced by filing a petition in the district court. Summons shall be served upon the other party to the marriage by personal service or in the manner provided in section 25-517.02." According to Neb. Rev. Stat. § 25-504.01 (Reissue 1995), "[a] copy of the petition shall be served with the summons, except when service is by publication." Consequently, we conclude that Vance was required to file a petition for modification and to serve Vivian with both a copy of the petition and a summons.

In the instant case, Vance filed a "Motion to Modify Decree." Without determining the appropriateness of how pleadings should be formally entitled, we note that documents entitled as motions or applications have been used to modify awards of alimony. See, e.g., *Novak v. Novak*, 245 Neb. 366, 513 N.W.2d 303 (1994) (application to modify alimony); *Benedict v. Benedict*, 206 Neb. 284, 292 N.W.2d 565 (1980) (motion to modify alimony). However, regardless of what the document is called, the statutory procedures must be satisfied. We reiterate that § 42-352 requires that a summons be served upon the opposing party by personal service or in the manner provided in Neb. Rev. Stat. § 25-517.02 (Reissue 1995).

A summons notifies the defendant that in order to defend the lawsuit an appropriate written response must be filed with the court within 30 days after service and that upon failure to do so, the court may enter judgment for the relief demanded in the petition. Neb. Rev. Stat. § 25-503.01 (Reissue 1995). Where the Legislature has intended for service to be executed as a summons in civil cases, it has specifically stated so within the statutes. *Ventura v. State*, 246 Neb. 116, 517 N.W.2d 368 (1994) (finding that service upon attorney of record was permissible under Neb. Rev. Stat. § 25-534 (Reissue 1995) where notice statute, Neb. Rev. Stat. § 20-333 (Reissue 1991), did not require any particular form of service). Generally, a summons is an instrument used to provide notice to a party of

civil proceedings and of the opportunity to appear and be heard. *Ventura v. State, supra.*

In the instant case, Vance never personally served Vivian with either a summons or a copy of the "Motion to Modify Decree." Vance did, however, serve Vivian's attorney with a "Notice of Hearing" by regular mail. The "Notice of Hearing" was dated May 5, 1995, and filed on May 8. Section 25-534 provides in part:

> Whenever in any action or proceeding, any order, motion, notice, or other document, *except a summons*, is required by statute or rule of the Supreme Court to be served upon or given to any party represented by an attorney whose appearance has been noted on the record, or is thus required to be served upon or given to the attorney for any party, such service or notice may be made upon or given to such attorney, unless service upon the party himself or herself is ordered by the court. Service upon such attorney or upon a party shall be made by delivering a copy to him or her or by mailing it to him or her.

(Emphasis supplied.) Vance failed to properly serve Vivian with a summons and, under § 25-534, service of the "Notice of Hearing" on Vivian's attorney of record was insufficient.

Section 42-352 also allows a summons to be served in the manner provided by § 25-517.02, which is as follows:

> Upon motion and showing by affidavit that service cannot be made with reasonable diligence by any other method provided by statute, the court may permit service to be made (1) by leaving the process at the defendant's usual place of residence and mailing a copy by first-class mail to the defendant's last known address, (2) by publication, or (3) by any manner reasonably calculated under the circumstances to provide the party with actual notice of the proceedings and an opportunity to be heard.

Vance cannot seek refuge under § 25-517.02, because he failed to make a motion and show by affidavit that service could not be made upon Vivian with reasonable diligence. Vance has not complied with either service of process alternative provided in § 42-352. Therefore, we conclude that the trial court erred

in entering judgment before service had been perfected. Consequently, we need not address the fact that the court conducted a hearing on Vance's motion prior to the expiration of the 30-day response period provided in Neb. Rev. Stat. § 42-354 (Reissue 1993).

## CONCLUSION

We conclude that the district court erred in entering judgment before Vance had properly served Vivian with a summons. The judgment of the district court is reversed and the cause remanded. Finally, we note that Vivian has filed a motion for attorney fees. We grant her motion in the amount of $1,600.

REVERSED AND REMANDED.