MARGARET DILLION, APPELLANT, V.
CHRISTOPHER MABBUTT, APPELLEE.
660 N.W.2d 477

Filed May 2, 2003.   No. S-02-558.

Jeffrey F. Putnam, of Inserra & Kelley, for appellant.

Mark Kadi, of Leininger, Smith, Johnson, Baack, Placzek, Steele & Allen, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

After more than 6 months had passed since the appellant, Margaret Dillion, had filed her petition, the court determined that Dillion's attempts to serve the appellee, Christopher Mabbutt, had been ineffective. The court sustained Mabbutt's special appearance. Dillion filed a motion for a new trial. The court overruled the motion and dismissed the case without prejudice. More than 30 days after the court had sustained the special appearance, but less than 30 days after the court had overruled the motion for a new trial, Dillion appealed.

We determine that under Neb. Rev. Stat. § 25-217 (Reissue 1995), the case was automatically dismissed as a result of the court's determination that Dillion had failed to serve Mabbutt within 6 months of the date the petition was filed. The dismissal was formalized when the court sustained Mabbutt's appearance, and Dillion's motion for a new trial was a nullity that did not terminate the time for filing her notice of appeal. Because Dillion's notice of appeal was not filed within 30 days of the order sustaining Mabbutt's special appearance, we dismiss for lack of jurisdiction.

## BACKGROUND

On August 29, 2001, Dillion filed a petition alleging that on September 3, 1997, she suffered injuries in a car accident that was caused by Mabbutt's negligence. Dillion moved for alternate service by publication, and the district court ordered that service be made by publication once a week for 4 successive weeks in the North Platte Telegraph newspaper.

A legal notice was first published on January 10, 2002, and ran for 4 successive weeks, concluding on January 31. The notice stated that "unless you answer the plaintiff's Petition on or before the 31st day of February [sic], judgment will be rendered against you." (Emphasis in original.)

On March 12, 2002, Mabbutt entered a special appearance challenging the court's jurisdiction over him. He claimed that service had been defective because the publication notice incorrectly identified his answer date. The court sustained the special appearance on April 8.

After the court had sustained the special appearance, Dillion filed what she characterized as a motion for a new trial under

Neb. Rev. Stat. § 25-1142(6) (Cum. Supp. 2002). The court denied Dillion's motion for a new trial and dismissed the case in a journal entry filed on May 13. On May 20, Dillion filed her notice of appeal.

## ASSIGNMENTS OF ERROR

Dillion assigns, rephrased and consolidated, that the court erred in (1) finding that the defect in service by publication was not a mere technical error, (2) determining that the petition should be dismissed under § 25-217, and (3) not allowing Mabbutt to answer under Neb. Rev. Stat. § 25-822 (Reissue 1995) (now repealed by 2002 Neb. Laws, L.B. 876 (operative January 1, 2003)).

## STANDARD OF REVIEW

■ A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Fischer v. Cvitak*, 264 Neb. 667, 652 N.W.2d 274 (2002).

## ANALYSIS

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *State v. Bellamy*, 264 Neb. 784, 652 N.W.2d 86 (2002). To determine whether we have jurisdiction, we must examine § 25-217.

At the time the court dismissed the case, § 25-217 provided that an "action shall stand dismissed without prejudice as to any defendant not served within six months from the date the petition was filed." In overruling the motion for a new trial, the court noted that more than 6 months had passed since Dillion had filed her petition and questioned whether, given its previous ruling that service had been ineffective, it had jurisdiction.

■ The language of § 25-217 providing for dismissal of unserved petitions is self-executing and mandatory. *Kovar v. Habrock*, 261 Neb. 337, 622 N.W.2d 688 (2001); *Vopalka v. Abraham*, 260 Neb. 737, 619 N.W.2d 594 (2000). After dismissal of an action by operation of law under § 25-217, there is no longer an action pending and the district court has no jurisdiction to

make further orders except to formalize the dismissal. *Id.* By the time the court had sustained Mabbutt's special appearance, more than 6 months had passed since Dillion had filed her petition. Thus, the court's ruling that Mabbutt had not been served triggered § 25-217, and the order sustaining Mabbutt's special appearance had the effect of formalizing the dismissal of the case.

Because the order sustaining Mabbutt's special appearance formalized the dismissal, it serves as the final order. To appeal the decision, Dillion had to file her notice of appeal within 30 days of the time the order was file stamped on April 8, 2002. See Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 2002). Dillion did not file her notice of appeal until May 20, well after the appeal period had passed.

█ We note that Dillion filed a motion for a new trial after the April 8, 2002, order and that generally the filing of a motion for a new trial terminates the running of the appeal period. § 25-1912(1). However, if orders are made following a dismissal under § 25-217, they are a nullity, as are subsequent pleadings. *Kovar, supra*; *Vopalka, supra*. Thus, Dillion's motion for a new trial and the court's May 13 journal entry addressing it were nullities, and the motion did not terminate the running of the 30 days within which Dillion had to file her notice of appeal. As a result, Dillion's notice of appeal was untimely and we lack jurisdiction.

## CONCLUSION

Because Dillion's notice of appeal was filed more than 30 days after the entry of judgment, we lack jurisdiction. Accordingly, the appeal is dismissed.

APPEAL DISMISSED.