Lola M. Mohr, appellant, v.
Mark L. Mohr, appellee.
___ N.W.2d ___

Filed February 17, 2015.    No. A-14-416.

1. **Appeal and Error.** Although an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error.
2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
3. ____: ____. An appellate court has a duty to determine whether it has jurisdiction over the matter before it irrespective of whether the issue of jurisdiction was raised or considered by the district court.
4. **Limitations of Actions: Dismissal and Nonsuit.** An action is commenced on the date the complaint is filed with the court. The action shall stand dismissed without prejudice as to any defendant not served within 6 months from the date the complaint was filed.
5. **Statutes: Pleadings: Dismissal and Nonsuit: Words and Phrases.** The language of Neb. Rev. Stat. § 25-217 (Reissue 2008) providing for dismissal of unserved petitions is self-executing and mandatory.
6. **Dismissal and Nonsuit.** The only way to ensure that an unserved action stands dismissed, as required by statute, is to hold that such dismissal occurs by operation of law, without predicate action by the trial court.
7. ____. Once an action is dismissed by operation of law, any further orders by the district court, except to formalize the dismissal, are a nullity.
8. **Divorce: Jurisdiction.** The district court in which an original divorce decree was entered has continuing jurisdiction until all of the children of the marriage are of legal age or emancipated.
9. **Modification of Decree: Child Custody.** A proceeding to modify custody is commenced by filing a complaint to modify.
10. **Modification of Decree: Service of Process.** Service of process of a modification complaint is to comply with the requirements for a dissolution action.

Appeal from the District Court for Gage County: Paul W. Korslund, Judge. Reversed and remanded with directions.

Lola M. Mohr, pro se.

F. Matthew Aerni, of Berry Law Firm, for appellee.

Irwin, Riedmann, and Bishop, Judges.

Riedmann, Judge.

## INTRODUCTION

The district court for Gage County modified the original dissolution decree and awarded Mark L. Mohr custody of the parties' minor children. Lola M. Mohr now appeals. Because we determine that Lola was not served with a copy of the modification complaint within 6 months from the date it was filed, we reverse the judgment and remand the cause to the district court with directions to vacate the modification order and to enter an order that Mark's complaint for modification stands dismissed pursuant to Neb. Rev. Stat. § 25-217 (Reissue 2008).

## BACKGROUND

Lola and Mark's marriage was dissolved in 2004. The decree awarded custody of the minor child involved herein, a daughter born in 1997, to Lola, subject to Mark's parenting time.

On April 17, 2013, Mark filed a complaint to modify custody. After several attempts, Lola was served with the complaint for modification in person on October 30. Because she never filed an answer or otherwise responded, Mark moved for default judgment on February 12, 2014. A hearing was held on March 10, at which Mark testified and Lola did not appear.

Subsequent to the hearing, the district court entered an order of modification. It found that a material change in circumstances existed and that it was in the minor child's best interests that her custody be awarded to Mark. The district court also ordered Lola to pay $442 per month in child support to Mark.

Lola filed a document that the court construed as a motion for new trial. After hearing, the court denied the motion. Lola timely appealed to this court.

## ASSIGNMENTS OF ERROR

Lola failed to specifically assign errors in accordance with the Supreme Court's rules of appellate practice. See Neb. Ct. R. App. P. § 2-109(D)(1)(e) (rev. 2014).

## STANDARD OF REVIEW

[1] Although an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error. *Connelly v. City of Omaha*, 284 Neb. 131, 816 N.W.2d 742 (2012).

## ANALYSIS

[2-4] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Dillion v. Mabbutt*, 265 Neb. 814, 660 N.W.2d 477 (2003). This is true irrespective of whether the issue of jurisdiction was raised or considered by the district court. *Sarpy Cty. Bd. of Comrs. v. Sarpy Cty. Land Reutil.*, 9 Neb. App. 552, 615 N.W.2d 490 (2000). To determine whether we have jurisdiction, we must examine § 25-217. This statute states that an "action is commenced on the date the complaint is filed with the court. The action shall stand dismissed without prejudice as to any defendant not served within six months from the date the complaint was filed."

[5-7] The language of § 25-217 providing for dismissal of unserved petitions is self-executing and mandatory. *Dillion v. Mabbutt, supra*. The only way to ensure that an unserved action stands dismissed, as required by statute, is to hold that such dismissal occurs by operation of law, without predicate action by the trial court. See *Vopalka v. Abraham*, 260 Neb. 737, 619 N.W.2d 594 (2000). Once an action is dismissed by operation of law, any further orders by the district court, except to formalize the dismissal, are a nullity. See *id*.

In this case, Mark filed his complaint to modify the dissolution decree on April 17, 2013, and Lola was not served until October 30. More than 6 months elapsed between the filing and the service of the complaint; therefore, any orders entered after October 17 are a nullity.

[8-10] We recognize that this was an action for modification and not an original dissolution action. We are also cognizant that the district court in which the original divorce decree was entered has continuing jurisdiction until all of the children of the marriage are of legal age or emancipated. See

*Nemec v. Nemec*, 219 Neb. 891, 367 N.W.2d 75 (1985). We also are aware that the Nebraska Supreme Court has stated that an application to modify the terms of a divorce decree is not an independent proceeding. *Id.* However, in 2004, Neb. Rev. Stat. § 42-364 (Reissue 1998) was amended to include a provision requiring that a proceeding to modify custody be commenced by filing a complaint to modify. See 2004 Neb. Laws, L.B. 1207 (now codified at Neb. Rev. Stat. § 42-364 (Cum. Supp. 2014)). By that amendment, service of process of a modification complaint is to comply with the requirements for a dissolution action. *Id.* We have refused to allow modification of a divorce decree where modification was sought without the proper filing of a complaint. See *Wilson v. Wilson*, 19 Neb. App. 103, 803 N.W.2d 520 (2011). We find no authority to except dissolution actions from the requirement of § 25-217, and we therefore determine that the requirement of service within 6 months is applicable to modification actions. Because Lola was not served within 6 months from the date the complaint to modify was filed, the district court's orders modifying custody and denying Lola's motion for new trial were a nullity.

## CONCLUSION

Mark's failure to perfect service upon Lola within 6 months of the date on which he filed his modification complaint resulted in the dismissal of the case by operation of law. Therefore, the district court's subsequent orders were a nullity. Accordingly, we reverse the judgment and remand the cause to the district court with directions to vacate the modification order and to enter an order that Mark's complaint stands dismissed pursuant to § 25-217.

Reversed and remanded with directions.