Michael P. Burns, appellee, v.
Kerry E. Burns, appellant.
___ N.W.2d ___

Filed December 1, 2015.    No. A-14-789.

1. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

2. \_\_\_\_: \_\_\_\_. The question of jurisdiction is a question of law, which an appellate court resolves independently of the trial court.

3. **Records: Pleadings: Presumptions: Appeal and Error.** Where there is no bill of exceptions, an appellate court is limited on review to an examination of the pleadings. If they are sufficient to support the judgment, it will be presumed on appeal that the evidence supports the trial court's orders and judgment.

4. **Limitations of Actions: Dismissal and Nonsuit.** An action is commenced on the date the complaint is filed with the court. The action shall stand dismissed without prejudice as to any defendant not served within 6 months from the date the complaint was filed.

5. **Modification of Decree.** Modification proceedings are initiated by the filing of a complaint to modify.

6. **Complaints: Jurisdiction: Service of Process.** A proceeding under Neb. Rev. Stat. §§ 42-347 to 42-381 (Reissue 2008 & Cum. Supp. 2014) shall be commenced by filing a complaint in the district court. The proceeding may be heard by the county court or the district court as provided in Neb. Rev. Stat. § 25-2740 (Reissue 2008). Summons shall be served upon the other party to the marriage by personal service or in the manner provided in Neb. Rev. Stat. § 25-517.02 (Reissue 2008).

7. **Service of Process: Jurisdiction: Appeal and Error.** Nebraska appellate courts have strictly construed the requirements of service of summons for a court to gain jurisdiction.

8. **Service of Process: Notice: Pleadings: Time.** A summons notifies the defendant that in order to defend the lawsuit, an appropriate written response must be filed with the court within 30 days after service and that upon failure to do so, the court may enter judgment for the relief demanded in the petition.

9. **Service of Process: Notice: Words and Phrases.** Generally, a summons is an instrument used to provide notice to a party of civil proceedings and of the opportunity to appear and be heard.

10. **Limitations of Actions: Dismissal and Nonsuit.** The language providing that an action shall stand dismissed without prejudice as to any defendant not served within 6 months from the date the complaint was filed is self-executing and mandatory.

11. **Limitations of Actions: Dismissal and Nonsuit: Service of Process.** Any orders or pleadings filed after a lawsuit has been dismissed by operation of law for failure to serve the defendant within 6 months are a nullity.

Appeal from the District Court for Adams County: JAMES E. DOYLE IV, Judge. Judgment vacated, and cause remanded with directions.

Matt Catlett for appellant.

Robert M. Sullivan, of Sullivan Shoemaker, P.C., L.L.O., for appellee.

IRWIN, INBODY, and RIEDMANN, Judges.

RIEDMANN, Judge.

## INTRODUCTION

This matter comes before us upon the motion for rehearing filed by Kerry E. Burns in response to our memorandum opinion and judgment on appeal issued on June 3, 2015, in this case. On July 31, we granted the motion in part, relating only to whether service of a summons was required and the effect of Neb. Rev. Stat. § 25-217 (Reissue 2008) on the court's jurisdiction. On that same date, we also withdrew the memorandum opinion. We conclude that Neb. Rev. Stat. § 42-364(6) (Cum. Supp. 2014) requires service of summons

on a defendant when an application for modification of a divorce decree is filed and that failure to serve the summons on Kerry within 6 months of the date of filing the application for modification deprived the district court of jurisdiction.

## BACKGROUND

For purposes of addressing the issues on rehearing, the following facts are pertinent:

Kerry and Michael P. Burns were divorced in May 2004. The decree was modified in August 2010. Kerry filed a "Complaint for Modification of Decree" in October 2011, and the parties purportedly came to an agreement in October 2012. Kerry appealed the district court's order enforcing the agreement. While the appeal was pending, Michael filed an application to modify in June 2013. After unsuccessfully trying to serve Kerry with the application to modify, Michael filed a motion to appoint a special process server. When Michael first filed the praecipe, he requested that the summons and application be forwarded to the sheriff for service. The sheriff's return specifically stated she was unable to serve the summons and the application to modify. Michael then filed the motion to appoint a special process server; however, this motion requested only service of the application to modify and made no mention of the summons. On August 21, a special process server signed an affidavit of service of process certifying that she effectuated personal service on Kerry of the "Application to Modify, Motion to Appoint Process Server, Order." Her affidavit for service of process makes no mention of a summons.

On September 20, 2013, Kerry filed a "Special Appearance" asserting a lack of personal jurisdiction. In her special appearance, Kerry asserted that her daughter, and not she, received the envelope containing the application to modify. Kerry also asserted that she had never been served with a summons.

In its February 5, 2014, order addressing the issue of jurisdiction, the district court misstated the record and stated that

Kerry "averred she was not personally served with *summons*, contrary to the sworn statements of the process server." (Emphasis supplied.) While the process server's affidavit does contradict Kerry's assertion that her daughter was served rather than Kerry, the process server does not state that she served *summons* on either Kerry or her daughter.

## ASSIGNMENTS OF ERROR

In her initial appellate brief, Kerry assigned two errors: (1) that the district court erred in exercising jurisdiction over the modification action and (2) that it erred in modifying child support, visitation, and custody while a prior order was pending appeal. Because of our resolution on the jurisdictional issue, we need not reach Kerry's second assigned error.

## STANDARD OF REVIEW

[1,2] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *In re Guardianship & Conservatorship of Forster*, 22 Neb. App. 478, 856 N.W.2d 134 (2014). The question of jurisdiction is a question of law, which an appellate court resolves independently of the trial court. *Anthony K. v. State*, 289 Neb. 523, 855 N.W.2d 802 (2014).

## ANALYSIS

We first note that the appellate record in this case contains no bill of exceptions, only the transcript which contains the pleadings and the orders of the district court.

[3] Where there is no bill of exceptions, an appellate court is limited on review to an examination of the pleadings. *Murphy v. Murphy*, 237 Neb. 406, 466 N.W.2d 87 (1991). If they are sufficient to support the judgment, it will be presumed on appeal that the evidence supports the trial court's orders and judgment. *Id*.

Kerry argues that the district court erred in overruling her special appearance because the actual summons was not

served upon her within 6 months and thus that court did not have jurisdiction over the modification action.

First, we note that Neb. Rev. Stat. § 25-801.01 (Reissue 2008) abolished the special appearance for all civil actions filed on or after January 1, 2003. Thus, we shall treat Kerry's special appearance as a motion to dismiss under Neb. Ct. R. Pldg. § 6-1112(b), because the failure of Kerry to specifically reference the appropriate mode of dismissal is not fatal. See, *Weeder v. Central Comm. College*, 269 Neb. 114, 123, 691 N.W.2d 508, 515 (2005) (motion to dismiss alleging three affirmative defenses without specifically referring to "subsection (6) of rule 12(b) is not fatal"); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1347 at 51 (3d ed. 2004) ("technical accuracy in the designation . . . of the specific rule under which the defense, motion, or objection is asserted, is [not] critical to [its] presentation and determination").

[4] Kerry argues that at no point in the 6 months after Michael filed his application to modify was she served with a summons and that therefore the complaint was dismissed by operation of law. Section 25-217 provides: "An action is commenced on the date the complaint is filed with the court. The action shall stand dismissed without prejudice as to any defendant not served within six months from the date the complaint was filed." This language is self-executing and mandatory. *Dillion v. Mabbutt*, 265 Neb. 814, 660 N.W.2d 477 (2003); *Mohr v. Mohr*, 22 Neb. App. 772, 859 N.W.2d 377 (2015).

[5] Modification proceedings are initiated by the filing of a complaint to modify.

> Modification proceedings relating to support, custody, parenting time, visitation, other access, or removal of children from the jurisdiction of the court shall be commenced by filing a complaint to modify. Modification of a parenting plan is governed by the Parenting Act. Proceedings to modify a parenting plan shall be

commenced by filing a complaint to modify. . . . *Service of process and other procedure shall comply with the requirements for a dissolution action.*
§ 42-364(6) (emphasis supplied).

[6] The service of process requirements for a dissolution action state:

A proceeding under sections 42-347 to 42-381 shall be commenced by filing a complaint in the district court. The proceeding may be heard by the county court or the district court as provided in section 25-2740. *Summons shall be served upon the other party to the marriage by personal service or in the manner provided in section 25-517.02.*

Neb. Rev. Stat. § 42-352 (Reissue 2008) (emphasis supplied). The statutory requirement that modification proceedings be commenced by filing a fresh complaint and that they comply with service requirements was first added in 2004. See 2004 Neb. Laws, L.B. 1207. This amendment clearly requires service of a summons, which did not occur in this case.

[7] Although the Nebraska appellate courts have not addressed the effect of failing to serve a summons in modification proceedings, the Nebraska appellate courts have strictly construed the requirements of service of summons for a court to gain jurisdiction in other contexts. The Nebraska Supreme Court has concluded that the absence of a summons in a juvenile support case precluded the lower court from exercising jurisdiction. See *In re Interest of Rondell B.*, 249 Neb. 928, 546 N.W.2d 801 (1996).

In *In re Interest of Rondell B.*, the juvenile's mother had received a summons regarding an adjudication action brought pursuant to Neb. Rev. Stat. § 43-247(3) (Reissue 1993). Thereafter, a support proceeding was commenced under Neb. Rev. Stat. § 43-290 (Reissue 1993), and her attorney received a hearing date for the support proceeding. Section 43-290, governing support proceedings, stated in relevant part that "after summons to the parent of the time and place of hearing

served as provided in sections 43-262 to 43-267, the court may order and decree that the parent shall pay . . . a reasonable sum that will cover in whole or part the support . . . of the juvenile." The court held that in order to comply with this statute, a summons must be served. In rejecting the State's argument to the contrary, the court stated:

> [W]e simply are not free to disregard the requirement of § 43-290 that in the event of a separate support hearing, a summons with regard thereto is to be served. In construing a statute, a court must attempt to give effect to all of its parts, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless; it is not within the province of a court to read anything plain, direct, and unambiguous out of a statute.

*In re Interest of Rondell B.*, 249 Neb. at 932-33, 546 N.W.2d at 805.

[8,9] Likewise, in *Osborn v. Osborn*, 4 Neb. App. 802, 806, 550 N.W.2d 58, 61 (1996), we iterated the requirement for service of a summons under § 42-352 (Reissue 1993) where one party failed to serve either a motion to modify a decree or a summons on the other party; rather, the moving party served a "'Notice of Hearing'" on the other party's attorney. We held such service was insufficient. *Osborn* was decided prior to the 2004 revisions to § 42-364(6); however, we cited § 42-352 and Neb. Rev. Stat. §§ 42-365 (Reissue 1993) and 25-504.01 (Reissue 1995) to conclude that the moving party "was required to file a petition for modification and to serve [respondent] with both a copy of the petition and a summons." 4 Neb. App. at 805, 550 N.W.2d at 60. We noted the purpose of a summons:

> A summons notifies the defendant that in order to defend the lawsuit[,] an appropriate written response must be filed with the court within 30 days after service and that upon failure to do so, the court may enter judgment for the relief demanded in the petition. Neb. Rev.

Stat. § 25-503.01 (Reissue 1995). Where the Legislature has intended for service to be executed as a summons in civil cases, it has specifically stated so within the statutes. *Ventura v. State*, 246 Neb. 116, 517 N.W.2d 368 (1994) (finding that service upon attorney of record was permissible under Neb. Rev. Stat. § 25-534 (Reissue 1995) where notice statute, Neb. Rev. Stat. § 20-333 (Reissue 1991), did not require any particular form of service). Generally, a summons is an instrument used to provide notice to a party of civil proceedings and of the opportunity to appear and be heard. *Ventura v. State, supra.*

*Osborn*, 4 Neb. App. at 805-06, 550 N.W.2d at 61.

Accordingly, the summons that had been initially directed to Kerry specifically advised her that she had been sued by Michael, that she was required to respond within 30 days, and that her failure to do so may result in Michael's being granted his requested relief. This summons was never served, however, as the sheriff was unable to obtain service. Michael did not request that the special process server serve the summons when alternate service by a special process server was approved.

Similarly, in *American Nat. Bank v. Cutler*, No. A-01-1398, 2003 WL 22038257 (Neb. App. Sept. 2, 2003) (not designated for permanent publication), we held that where a statute delineates the procedure to bring a motion to vacate, a petitioner's failure to follow the statutory prerequisites (in that case, filing a petition and serving a summons) may deprive a district court of subject matter jurisdiction to hear the motion.

In the present action, the statutes specifically direct that summons be served upon the other party to the marriage. See §§ 42-352 (Reissue 2008) and 42-364. The evidence contained in the record reveals that a summons was never served. While there is no doubt that Kerry received the application to modify, no summons was served as required by the statutes.

Accordingly, the district court lacked personal jurisdiction over Kerry at the time her special appearance was filed.

For purposes of completeness, we address whether Kerry's subsequent answer waived her defense of lack of jurisdiction. We conclude that it did not. In reaching our decision, the following chronology is important:

• June 28, 2013—Michael filed application for modification.
• August 21, 2013—Modification papers left with Kerry's daughter.
• September 20, 2013—Kerry filed special appearance.
• January 27, 2014—Hearing on special appearance held.
• February 5, 2014—Order overruling special appearance entered.
• February 18, 2014—Kerry filed answer.

[10] As evidenced by the above chronology, Kerry filed her answer almost 8 months after Michael filed the modification action. Section 25-217 provides: "An action is commenced on the date the complaint is filed with the court. The action shall stand dismissed without prejudice as to any defendant not served within six months from the date the complaint was filed." This language is self-executing and mandatory. *Dillion v. Mabbutt*, 265 Neb. 814, 660 N.W.2d 477 (2003); *Mohr v. Mohr*, 22 Neb. App. 772, 859 N.W.2d 377 (2015).

[11] Because Michael did not properly serve Kerry within 6 months from the date he filed the application to modify, the action stood dismissed as of December 28, 2013. Any subsequent orders or pleadings were a nullity. Any orders or pleadings filed after a lawsuit has been dismissed by operation of law for failure to serve the defendant within 6 months are a nullity. See *Reid v. Evans*, 273 Neb. 714, 733 N.W.2d 186 (2007). Accordingly, Kerry's subsequent answer, filed more than 6 months after the modification action was filed, was a nullity and could not have conferred jurisdiction over her. Likewise, all court orders issued after December 28, 2013, were also null.

## CONCLUSION

Because Kerry was never served with a summons, the modification action was dismissed by operation of law on December 28, 2013. The district court and this court lack the power to determine the merits of Michael's application for modification. We previously withdrew our memorandum opinion affirming the district court's decision modifying the parties' decree, and we now vacate the district court's decision. We further remand the cause to the district court with directions to dismiss the application to modify.

Judgment vacated, and cause remanded with directions.