IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


KOUNTZE V. DOMINA LAW GROUP


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


EDWARD KOUNTZE, APPELLEE,

v.

DOMINA LAW GROUP, PC, LLO, APPELLANT.

DOMINA LAW GROUP, PC, LLO, APPELLANT,

v.

EDWARD KOUNTZE, APPELLEE.


Filed May 16, 2017.    Nos. A-16-033, A-16-272.


Appeals from the District Court for Washington County: JOHN E. SAMSON, Judge. Affirmed.

Brian E. Jorde, of Domina Law Group, P.C., L.L.O., for appellant.

Larry E. Welch, Jr., and Damien J. Wright, of Welch Law Firm, P.C., and Bruce R. Meckler and Jeffrey B. Greenspan, of Cozen O'Connor, for appellee.


INBODY, RIEDMANN, and ARTERBURN, Judges.

RIEDMANN, Judge.

INTRODUCTION

Domina Law Group, PC, LLO (Domina), appeals from two consolidated cases. In a 2015 matter, the district court for Washington County vacated the entry of a default judgment in favor of Domina against Edward Kountze for failure to properly serve Kountze. Subsequently, the district court dismissed the underlying 2013 matter for lack of service. Domina appeals the district

- 1 -

court's order vacating the default judgment and dismissing its original case against Kountze. For the reasons that follow, we affirm.

BACKGROUND

Domina filed a claim against Kountze in September 2013 to recover fees and expenses for professional services that Domina had performed on behalf of Kountze in previous years. Domina filed a praecipe for summons for 12 different possible addresses for Kountze, including several in California, Colorado, Nebraska, and one each in Michigan and Florida. Domina obtained these addresses by performing a Westlaw People Search for Kountze, which produced a list of 15 possible addresses. Twelve of the addresses appeared to be residential and 3 were post office boxes, including a post office box in Boulder, Colorado. A copy of the summons and complaint was sent to each of the 12 residential addresses via certified mail.

Most relevant to this action, Domina sent a copy of the complaint and summons via certified mail to a residential address on Portland Place in Boulder, Colorado. Domina further confirmed this address by obtaining a Vehicle Master Record from the Colorado Department of Revenue for a 1992 Honda. This vehicle was registered under the names of Kountze, as "Owner 1," and a third-party, as "Owner 2." This record listed the Portland Place address as the legal address for the vehicle; however, it also listed a post office box in Boulder as the title and mail addresses. The record also indicated that the vehicle's registration was current through February 1, 2016.

Throughout the course of its representation of Kountze, Domina had, at Kountze's request, sent billing invoices to a post office box in Boulder. This same post office box appeared in Domina's Westlaw People Search and as the title and mail addresses on the Vehicle Master Record. However, Domina did not attempt to send a copy of the summons and complaint to that address. Domina later informed the district court that the post office box address never seemed to work for Kountze, as it had sent invoices to that address for years and the invoices were never paid. Domina stated that it had no confidence that Kountze would actually receive any mail sent to that address, and further, its understanding was that service could not be perfected to a post office box.

Domina filed a signed proof of service from the Portland Place address in September 2013. After that, Kountze took no action in the matter. Domina then filed a motion for default judgment in April 2014, which was granted in June in the amount of $103,548.43 for unpaid professional legal fees and $82.50 in court costs.

Kountze alleges that he did not learn about the 2013 action and subsequent default judgment entered against him until June 2015. The record shows no evidence that Domina had attempted to enforce the default judgment after it was entered. Kountze then filed, in a separate action, a complaint asking the court to vacate the default judgment pursuant to Neb. Rev. Stat. § 25-2002 (Reissue 2016). In support of his motion, Kountze submitted an affidavit in which he swore that he did not sign the proof of service from the Portland Place address and that he had no knowledge of who did. After a hearing, the district court vacated the default judgment, finding that the service of process in the 2013 matter was not reasonably calculated to apprise Kountze of the pendency of the action against him and to afford him the opportunity to be heard. Specifically, the court found that Domina's course of dealings for 5 or 6 years was to send Kountze's bills to the Boulder post office box address. It found that the post office box address appeared in the Westlaw

search and in the information provided by the Colorado Department of Revenue as an active address. The district court noted that it could not read the signature on the proof of service and therefore did not know who signed it. The court held that Domina's attempt to serve Kountze had not been reasonably calculated to apprise him of the pending action and that Domina should have attempted service at the post office box.

After the district court ordered that the default judgment should be vacated, Kountze filed a motion to dismiss the original 2013 matter for failure to serve him within 6 months of the date the suit was filed. At a hearing, the district court found that, pursuant to Neb. Rev. Stat. § 25-217 (Reissue 2016), it was required to dismiss the case for lack of proper service. Domina now appeals from the dismissal and the order vacating the default judgment.

## ASSIGNMENTS OF ERROR

Domina assigns that the district court erred in (1) holding that service by certified mail to Kountze in the 2013 action at the Portland Place address was not reasonably calculated to apprise Kountze of the litigation, and in vacating the default judgment, and (2) in dismissing the case in the 2013 action for failure to serve Kountze within 6 months pursuant to § 25-217.

## STANDARD OF REVIEW

In reviewing a trial court's action in vacating a default judgment, an appellate court will uphold and affirm the trial court's action in the absence of an abuse of discretion. *Carrel v. Serco Inc.*, 291 Neb. 61, 864 N.W.2d 236 (2015). An abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result. *Hartley v. Metropolitan Utilities District of Omaha*, 294 Neb. 870, 885 N.W.2d 675 (2016). On appeal, a much stronger showing is required to substantiate an abuse of discretion when the judgment is vacated than when it is not. *Carrel v. Serco Inc., supra*.

An appellate court resolves questions of law and issues of statutory interpretation de novo. *State on behalf of Ja'Quezz G. v. Teablo P.*, 293 Neb. 337, 878 N.W.2d 358 (2016).

## ANALYSIS

### SERVICE OF PROCESS

Domina argues that the district court erred in holding that its service via certified mail to the Portland Place address was not reasonably calculated to apprise Kountze of the pending litigation, and subsequently erred in vacating the entry of default judgment. It claims that Nebraska's service of process statutes are to be liberally construed and that there is no requirement that the defendant is the one who is actually served. Instead, Domina argues that because it relied upon an address that Kountze represented to a state agency as being his current legal address, the court should have found that its efforts were reasonably calculated to apprise Kountze of the pending action.

Nebraska law allows parties to be served via certified mail. Neb. Rev. Stat. § 25-508.01 (Supp. 2014). Pursuant to Neb. Rev. Stat. § 25-505.01(1)(c) (Supp. 2014), a plaintiff in an action may serve a defendant by certified mail service which shall be made "within 10 days of issuance, sending the summons to the defendant by certified mail with a return receipt requested showing to

whom and where delivered and the date of delivery," and then "filing with the court proof of service with the signed receipt attached."

In *Doe v. Board of Regents*, 280 Neb. 492, 788 N.W.2d 264 (2010), the Nebraska Supreme Court held that § 25-505.01 does not require service to be sent to a defendant's residence nor does it restrict delivery only to the addressee. However, it found that due process requires notice to be reasonably calculated to apprise the defendant of the pendency of the action and to afford him the opportunity to present his objections. *Id.* Indeed, "[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *State v. Teablo P., supra.* The court later clarified that while plaintiffs may choose service by certified mail, they bear the risk that such method does not meet the standard articulated in *Doe. Anthony K. v. State*, 289 Neb. 523, 855 N.W.2d 802 (2014). The determination of whether service was reasonably calculated to apprise the defendant is an issue of fact. *Doe v. Board of Regents, supra.*

In its argument, Domina draws parallels to several other recent cases. In *State on behalf of Ja'Quezz G. v. Teablo P., supra*, the plaintiff had twice attempted to personally serve the defendant before it attempted service using certified mail. The State used the address that Teablo had provided to his probation officer to attempt service via certified mail and Teablo's grandmother signed for the notice. *Id.* The Nebraska Supreme Court held that service was proper even though Teablo claimed that he was homeless at the time and had no knowledge of the pending action. *Id.*

In *Capital One Bank (USA), N.A. v. Lehmann*, 23 Neb. App. 292, 869 N.W.2d 917 (2015), the plaintiff attempted to serve Lehmann notice of a pending case it had filed against her by certified mail. The plaintiff sent notice to the address that Lehmann had provided to plaintiff for the purpose of maintaining her account, and that notice was signed for by Lehmann's estranged husband. *Id.* When Lehmann took no action, the plaintiff moved for, and was granted, default judgment. *Id.* Lehmann later claimed that she and her husband were separated at the time of service and that she had moved out of state. She further claimed that her husband never told her about the notice and she petitioned the court to vacate the default judgment. This court upheld the entry of default judgment, finding that the plaintiff's reliance on an address Lehmann provided to it and the signing of the notice by Lehmann's legal husband constituted efforts that were reasonably calculated to apprise Lehmann of the action. *Id.* Domina claims that Kountze is no different than the estranged spouse in *Capital One* or the defendant in *Teablo P.* whose summons had been sent to the address he provided to his probation officer.

However, *Teablo P.* and *Capital One* are distinguishable from this case because it is clear that in those cases the proof of service was signed by a member of the defendant's family -- Teablo's grandmother and Lehmann's husband. Here, there is no evidence as to who signed the proof of service. While we recognize that § 25-505.01(1)(c) does not require that the certified mail be signed for by any particular person, due process requires notice to be reasonably calculated to apprise the defendant of the pending action. Kountze stated in his affidavit that he did not sign the proof of service nor did he have any knowledge as to who did. The district court noted that while it could not read the signature, it did not appear to be Kountze's name. The appellate courts in both *Teablo P.* and *Capital One* specifically stated that their findings were based in part on the fact that a member of the defendants' family had signed the proof of service. Under such circumstances, it is practical to assume that the defendants would be apprised of the notice by the individuals who signed for the certified mail.

*Teablo P.* and *Capital One* are also distinguishable based upon the fact that the addresses to which the summonses were sent were addresses provided to the plaintiffs by the defendants. In *Teablo P.*, the putative father provided the address to his probation officer, an employee of the State, and the State used this address for its certified mail. The plaintiff in *Capital One* used the address provided by the defendant to the bank to maintain her credit card account with it. Using these addresses was reasonably calculated to apprise the defendants of the pending actions. In the present case, however, the address to which Domina sent the certified mail was not one which had been provided to it by Kountze. To the contrary, the one address which Kountze had provided to Domina was one of three addresses to which it chose not to send the summons.

Domina also argues that the district court erred in focusing on whether it had attempted to serve Kountze at the "best address." It claims that under the district court's analysis, the only address where it could have attempted to serve Kountze that would have been considered reasonably calculated to apprise Kountze of the matter was the Boulder post office box, upon which it did not believe it could properly perfect service. While we agree with Domina that there is no "best address" standard, we do not find its argument to be persuasive. A plaintiff's knowledge of whether there is a particular address or addresses at which a defendant can likely be reached is a relevant consideration in determining whether efforts to serve the defendant were reasonably calculated to inform him of the pending litigation.

Here, Domina sent invoices to Kountze via his Boulder post office box over the course of approximately 6 years prior to filing the 2013 matter. When Domina conducted its Westlaw People Search, the post office box was identified as a possible address for Kountze. Additionally, the Vehicle Master Record that Domina obtained from the Colorado Department of Revenue listed the post office box as the title and mailing address for the vehicle that was registered in Kountze's name. These factors, taken together, suggest that Kountze's post office box was still an active address at which he could be served. While Domina argues that it had no reason to believe that Kountze would receive any mail sent to that address on the basis that he had not paid the invoices sent there over the years, there is no evidence in the record to indicate that Kountze was not receiving such invoices, even if they were not subsequently paid.

Furthermore, we find nothing that prohibits the use of a post office box to serve a summons and complaint via certified mail. Section 25-505.01(1)(c) allows a plaintiff to serve a defendant by sending the summons to the defendant by certified mail with a return receipt requested showing to whom and where delivered and the date thereof. It does not require service at the defendant's residence. *Doe v. Board of Regents*, *supra*. In *County of Hitchcock v. Barger*, 275 Neb. 872, 750 N.W.2d 357 (2008), the Nebraska Supreme Court applied the due process standard to find that sending notice to a county treasurer at a post office box was reasonably calculated to apprise the county that a bankruptcy stay had terminated. In the absence of any case law to the contrary, and particularly in light of Domina's practice of sending invoices to Kountze's post office box, we find that there was nothing prohibiting Domina from attempting service via certified mail to Kountze's post office box.

Based on Domina's history of communicating with Kountze via mail sent to his post office box, coupled with the verification from its Westlaw search and its inquiries with the Colorado Department of Revenue, Domina had reason to believe that the post office box was an active address for Kountze at which service could be attained. While we do not find any requirement for

a plaintiff to serve a "best address," here we find no error in the district court's finding that Domina's service was not reasonably calculated to apprise Kountze of the pending litigation and no abuse of discretion in vacating the entry of default judgment.

DISMISSAL

Domina claims that the district court compounded its error in vacating the entry of default judgment by subsequently dismissing the underlying case. Domina argues that if the district court had found that its service of process to the Portland Place address was reasonably calculated to apprise Kountze of the litigation, then the court would have been prevented from vacating judgment and dismissing the matter.

Kountze's motion to dismiss the original 2013 case was made pursuant to § 25-217, which states that an "action shall stand dismissed without prejudice as to any defendant not served within 6 months from the date the complaint was filed." The language of § 25-217 is self-executing and mandatory. *Dillion v. Mabbutt*, 265 Neb. 814, 660 N.W.2d 477 (2003). After an action has been dismissed by operation of law under §25-217, there is no longer an action pending and the district court has no jurisdiction to make further orders except to formalize the dismissal. *Id*.

In the present case, the district court found that § 25-217 operated as a matter of law when service was not perfected within 6 months and that the court's duty to dismiss the case for lack of service was administerial. Domina's complaint was filed in September 2013 and the district court vacated its entry of default judgment in December 2015. According to Kountze's affidavit, he did not receive the summons and complaint and had no actual notice of the original action until June 2015. At the time the default judgment was vacated, well over 6 months had passed since Domina had filed its complaint. Pursuant to the district court's finding that Domina had not properly served Kountze with notice, § 25-217 operated as a matter of law and the original action was dismissed. The district court correctly found that it had jurisdiction over the matter only so as to formalize the dismissal.

CONCLUSION

Following our review of the record, we affirm the district court's orders.

AFFIRMED.