IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


SUTHAR V. BRYAN


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


AMI J. SUTHAR, APPELLANT,

V.

JESSICA A. BRYAN, APPELLEE, AND ALLSTATE INSURANCE COMPANY, INTERVENOR-APPELLEE.


Filed February 6, 2018.    No. A-16-1230.


Appeal from the District Court for Lancaster County: LORI A. MARET, Judge. Affirmed.

Brian J. Koenig and Matthew K. Gillespie, of Koley Jessen, P.C., L.L.O., for appellant.

Brian D. Nolan and Leslie S. Stryker Viehman, of Nolan, Olson & Stryker, P.C., L.L.O., for appellee Allstate Insurance Company.


MOORE, Chief Judge, and RIEDMANN, Judge, and INBODY, Judge, Retired.

RIEDMANN, Judge.

## INTRODUCTION

Ami J. Suthar appeals from the order of the district court for Lancaster County that dismissed her action for failure to properly serve the defendant, Jessica A. Bryan (Jessica). For the reasons that follow, we affirm.

## BACKGROUND

The parties were involved in an automobile accident on September 10, 2010, in which Jessica allegedly rear-ended the vehicle driven by Suthar, causing Suthar to incur medical bills and related expenses. Suthar filed a negligence action against Jessica on September 8, 2014. She initially attempted to serve summons at an address in Lincoln that appeared on the police report from the accident. When summons was returned from that address as undeliverable, service was

- 1 -

attempted at another Lincoln address (the Property) found through a search engine utilized by the law firm representing Suthar. A return of service was signed by Suzanne Bryan (Suzanne).

In February 2016, Allstate Insurance Company moved to intervene in the matter, asserting that as the uninsured motorist coverage carrier for Suthar, it had an interest in the disposition of the case. In a subsequent motion for entry of dismissal, Allstate alleged that no effective service was accomplished on Jessica within 6 months of the filing of the September 2014 complaint and therefore the case stood dismissed as a matter of law. Allstate asked the court to recognize the dismissal with an appropriate entry.

At the May 2016 hearing on the motion to dismiss, an employee of the law firm representing Suthar testified that, in attempting to determine Suzanne's relationship with Jessica, she contacted Suzanne on November 4, 2015, and was informed that Suzanne was Jessica's mother. Suzanne told the employee that she recalled signing for a certified letter in 2014 but that Jessica "disappears from time to time" and had moved, it was thought, to Alabama. The employee testified that the law firm had further learned that Jessica was an adult who had never been adjudicated as incompetent, and that she lived in Alabama at least during 2014 and 2015. The law firm did not attempt to serve Jessica in Alabama and never served her by publication.

Suzanne's affidavit, admitted into evidence at the hearing, stated that Jessica had not resided at the Property at any time during the calendar year 2010 through the calendar year 2015. An affidavit from the Property's owner stated that he had owned the Property since 1988 and at no time did Jessica reside there.

In Suzanne's deposition admitted into evidence at the hearing, she testified that she did not actually recall signing for the summons and at the time she signed, she did not know Jessica's whereabouts. She also did not know what happened to the summons after she signed for it. She confirmed that Jessica had long suffered from mental problems, had disappeared out of state, and that it took Suzanne "quite awhile [sic] to hunt her down." Suzanne "moved [Jessica] back" in about March 2016 to assist her during her pregnancy. At the time of the hearing, Jessica had recently begun staying with Suzanne.

Suzanne acknowledged that mail for Jessica would sometimes come to the Property, but stated that most of it was junk mail. Suzanne would receive some additional mail related to Jessica that Suzanne had directed to the Property many years before, such as disability funds Jessica had been receiving since age 13, which funds were downloaded onto a card that Suzanne used to pay Jessica's bills. Other mail, such as Medicaid booklets or from doctors, utilized the address of the Property that Suzanne had provided to them when Jessica was a child.

On December 6, 2016, the district court sustained Allstate's motion for dismissal for lack of service. The case was dismissed pursuant to Neb. Rev. Stat. § 25-217 (Reissue 2016). Suthar timely appeals from the order of dismissal.

## ASSIGNMENTS OF ERROR

Suthar assigns that the district court erred in finding that she did not properly serve Jessica pursuant to Neb. Rev. Stat. § 25-505.01(1)(c) (Reissue 2016) and the Due Process Clause of the 14th Amendment to the U.S. Constitution.

STANDARD OF REVIEW

An appellate court resolves questions of law and issues of statutory interpretation independently of the lower court's conclusion. *State on behalf of Ja'Quezz G. v. Teablo P.*, 293 Neb. 337, 878 N.W.2d 358 (2016).

The question of jurisdiction is a question of law, which an appellate court resolves independently of the trial court. *Anthony K. v. State*, 289 Neb. 523, 855 N.W.2d 802 (2014).

A district court's grant of a motion to dismiss is reviewed de novo. *Id.*

ANALYSIS

Proper service, or a waiver by voluntary appearance, is necessary to acquire personal jurisdiction over a defendant. *Capital One Bank v. Lehmann*, 23 Neb. App. 292, 869 N.W.2d 917 (2015). Nebraska's rules of civil procedure permit several methods of service of an action upon a party, including § 25-505.01(2)(c), which governs service by certified mail. Subsection (2)(c) provides for

> [c]ertified mail service which shall be made by (i) within ten days of issuance, sending the summons to the defendant by certified mail with a return receipt requested showing to whom and where delivered and the date of delivery, and (ii) filing with the court proof of service with the signed receipt attached[.]

The Nebraska Supreme Court has held that "§ 25-505.01 does not require service to be sent to the defendant's residence or restrict delivery to the addressee. But due process requires notice to be reasonably calculated to apprise interested parties of the pendency of the action and to afford them the opportunity to present their objections." *Doe v. Board of Regents*, 280 Neb. 492, 508, 788 N.W.2d 264, 280 (2010), *overruled on other grounds, Davis v. State*, 297 Neb. 955, 902 N.W.2d 165 (2017). The question in the instant case is whether the certified mail service to Suzanne was reasonably calculated to apprise Jessica of the pendency of Suthar's action. This question presents an issue of fact. *Id.*

It was undisputed at the 2016 hearing that: Jessica had never resided at the Property until March 2016; when Suzanne was served with the certified letter in 2014, she did not know how or where to reach Jessica and did not know whether Jessica ever had actual knowledge of the pending action; Jessica lived out of state through at least 2014 and 2015, and that Suzanne sometimes received mail sent to Jessica, most of which was junk mail or mail from parties that had long since obtained the Property's address from Suzanne at a time when Jessica was a minor; and that Jessica was an adult who had never been adjudicated as incompetent. Suthar acknowledged that she did not attempt to establish Suzanne's relationship as to Jessica until November 2015, long after service of summons on Suzanne.

Suthar argues that Jessica was impossible to reasonably locate but that she nonetheless had significant ties to Suzanne's residence. She contends that Jessica received health-related correspondence and mail from the Social Security Administration at the Property and that she was actually residing at the Property at the time of the hearing. In essence, Suthar contends that she simply had no alternative address at which to serve process.

Suthar directs us to *State on behalf of Ja'Quezz G. v. Teablo P., supra*, a case in which the State attempted service via certified mail using the address that the defendant had provided to his

probation officer. His grandmother signed for the notice, and the defendant, now claiming he was homeless, asserted that he had no knowledge of the pending action. The Nebraska Supreme Court held that service was sufficient, partly because the defendant's family member had signed the proof of service. Similarly, in *Capital One Bank v. Lehmann, supra*, the defendant's former husband signed for the notice, a factor in this court's decision that service was sufficient. However, a critical distinguishing feature in both of those cases was that the address utilized by the plaintiff had been provided by the defendant. Under those circumstances, it was reasonable to assume that the family members in question would alert the defendant of the receipt of the certified mail.

In the instant case, Suthar had no reasonable basis for her belief that Jessica would be apprised of Suzanne's receipt of the certified letter. There is no evidence that Suthar knew any personal information regarding Jessica or Suzanne, or their relationship, until inquiry was made by her attorney's law firm in November 2015, more than a year after Suzanne received the certified letter. Furthermore, there is no evidence that Jessica, herself, ever held out the address of the Property as one at which she could be contacted or receive mail. Rather, it appears that the only mail involving Jessica came to the Property as a result of information obtained from Suzanne. By contrast, in *Teablo P.*, the putative father provided the address to his probation officer, an employee of the State, and the State used this address for its certified mail. The plaintiff in *Capital One Bank* used the address provided by the defendant to the bank for the purpose of maintaining her credit card account with it. In both cases, the plaintiff sent summons via certified mail to the place of residence known to the plaintiff through information acquired from the defendant. Thus, the use of such an address, combined with the other facts involved, was reasonably calculated to apprise the defendants of the pending actions.

While plaintiffs may choose service by certified mail, they bear the risk that such method does not meet the standard articulated in *Doe v. Board of Regents, supra*. See *Anthony K. v. State, supra*. We find that the notice provided by Suthar was not reasonably calculated, under all the circumstances described above, to apprise Jessica of the pending action. The district court did not err in granting Allstate's motion to dismiss.

Allstate's motion to dismiss Suthar's complaint was made pursuant to § 25-217, which provides that an "action shall stand dismissed without prejudice as to any defendant not served within 6 months from the date the complaint was filed." The language of § 25-217 is self-executing and mandatory. *Dillion v. Mabbutt*, 265 Neb. 814, 660 N.W.2d 477 (2003). Because Jessica was never properly served with summons via certified mail, Suthar's complaint stood dismissed 6 months from the September 8, 2014, filing of her complaint. As requested by Allstate, the district court recognized the dismissal with the entry of an appropriate order.

## CONCLUSION

Because service of summons upon Suzanne was not reasonably calculated to apprise Jessica of the pending action filed in 2014, the district court properly formalized the dismissal of the action pursuant to § 25-217. Accordingly, we affirm the district court's order.

AFFIRMED.